IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-71,316-02




EX PARTE TAMALA NICOLE BROWN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 05-02621-CRF-272-B
IN THE 272ND DISTRICT COURT FROM BRAZOS COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). A jury convicted Applicant of aggravated
assault and sentenced her to eighteen years’ confinement. The conviction was affirmed on direct
appeal. Brown v. State, No. 10-06-00015-CR (Tex.App.—Waco del. Mar. 14, 2007).
            Applicant asserts that her trial counsel provided ineffective assistance. She argues that he
failed to adequately confer with her before trial, that he failed to call witnesses and present other
evidence in support of her claim of self-defense, that he failed to advise her of the consequences of
testifying in her own defense, and that he failed to consult with her regarding the calling of the victim
to testify and that he did call the victim, who provided damaging testimony. The trial court held an
evidentiary hearing on these issues, heard testimony, entered findings, and recommends that relief
be denied. This Court previously dismissed this writ application as non-compliant because an
incorrect form application was used for the habeas filing. See Tex. R. App. P. 73.2. Habeas counsel
has pointed out that the form used was correct at the time it was filed with the trial court in 2010 and
asks this Court to reconsider the dismissal. Habeas counsel is correct, and this Court withdraws the
prior dismissal for non-compliance.
            After an independent review of the record provided, this Court agrees with the trial court that
relief should be denied. Applicant fails to show both deficient performance and resulting harm in her
ineffective assistance of counsel claims. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
This Court adopts the findings of the trial court, and relief is denied.

Filed: September 18, 2013
Do not publish